611 P.2d 216

**Emilio NARANJO and Abedon Lopez, Jr., Plaintiffs-Appellees,**

v.

**Eliza ORTIZ, Defendant-Appellant.**

**No. 12626.**

Supreme Court of New Mexico.

May 6, 1980.

Catron, Catron & Sawtell, W. Anthony Sawtell, William A. Sawtell, Jr., Santa Fe, for defendant-appellant.

Benny R. Naranjo, Albuquerque, for plaintiffs-appellees.

OPINION

EASLEY, Justice.

Naranjo and Lopez (Naranjo) brought suit, seeking specific performance and damages, on a contract for the purchase and sale of the liquor license owned by Ortiz. The trial court entered judgment denying specific performance but awarding Naranjo $3,800.00 in damages. Ortiz appealed; we reverse and remand.

Ortiz raises three issues in this appeal: (1) whether the trial court erred in awarding damages against Ortiz without first finding that she had breached the contract, but after noting that Naranjo had committed a breach; (2) whether the award of $3,800.00 is supported by substantial evidence; and (3) whether Naranjo's own failure to perform under the contract bars the return to him of the earnest money.

The August 20th, 1972 contract provided that Ortiz would sell her liquor license to Naranjo for $10,000.00, but this transfer would occur within thirty days or by September 21st, 1972, and that Naranjo would make payment in full "in a reasonable amount of time upon receiving full clearance as to ownership by seller and transfer approval by the Liquor Control Division, State of New Mexico, according to law."

Naranjo paid $625.00 as earnest money. He asserts that he offered to Ortiz the balance of the purchase price but that Ortiz refused to perform her obligations under the contract by failing to comply with the request of the Department of Alcoholic Beverage Control (Department) to complete the steps necessary to transfer the liquor license. Naranjo also alleges that Ortiz attempted to vary the terms of the contract. Ortiz claims that Naranjo breached the contract by failing both to tender the purchase price and to make the necessary application with the Department for transfer of the license. Naranjo's complaint here was not filed until three years after the contract's date of performance. Ortiz alleged laches.

Naranjo put on his evidence, after which Ortiz moved to dismiss, which motion was denied. A letter decision was made by the court and later incorporated in the judgment. Naranjo did not file requested findings and conclusions, but Ortiz did. The findings and conclusions in the letter decision are conflicting and confusing. Formal findings would have been much more helpful.

The trial court held that Naranjo was not entitled to specific performance; that he did not complete the application for transfer and file it within the time required by the contract; that there was no timely tender or payment of the balance of the purchase price; that Naranjo did not prove the market value of the license, loss of profits, or the amount of interest paid on the loan taken out to purchase the license; and that Naranjo was entitled to return of the earnest money.

The trial court made findings that Ortiz possibly tried to impose additional terms in an attempt to delay or vary the terms of the contract and that this excused "certain delays" by Naranjo. The trial court did not find or conclude that Ortiz had breached the contract nor did it find or conclude that performance on the part of Naranjo was excused. However, $3,800.00 in damages were awarded to Naranjo.

We agree with Ortiz that the trial court erred as a matter of law in awarding damages to Naranjo without finding that Ortiz had breached the contract. If Naranjo was not entitled to specific performance, his only remaining claim was for damages for *breach of contract* by Ortiz. A finding only as to the existence of the contract and some vague injury to Naranjo does not suffice. There must be a proof of a breach of the contract before *any* relief can be awarded. Not only did the trial court not find or point to any breach by Ortiz, but it found and concluded that Naranjo failed to satisfy conditions precedent to the contract.

The statute governing applications for transfer of liquor licenses places the burden of making such applications on the transferee, Naranjo in this case. § 60-7-18, N.M.S.A. 1978 (current version at § 60-7-18, N.M.S.A. 1978 (Cum.Supp.1979)). By his own testimony, Naranjo admits that he never made such application. Further, Naranjo failed to specify details or prove his claim that requests were made to Ortiz by the Department regarding the license transfer and that Ortiz failed to comply with the requests. The evidence is undisputed and the trial court stated that Naranjo failed to perform under the contract terms by filing this application by September 21, 1972, the cut-off date for the transfer.

Although we need not address the issue as to the sufficiency of the proof of damages considering our rulings on the law, we find no substantial evidence that supports the granting of damages in any amount.

*Melfi v. Goodman*, 73 N.M. 320, 326, 388 P.2d 50, 54 (1963), contains the answer to Naranjo's claim that his earnest money should be returned:

"No rule in respect to the contract is better settled than this: that the party who has advanced money or done an act in part performance of the agreement, and then stops short, and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what thus has been advanced or done."

This earnest money is not recoverable without a finding by the trial court that Naranjo had completed his obligations under the contract and that Ortiz had refused to fulfill her obligations. Further, the evidence is undisputed, and the trial court so found, that Naranjo never paid or properly tendered the balance of the purchase price. These facts, coupled with an absence of substantial evidence to support an excuse for not filing the application or tendering the purchase price, establish a breach of contract by Naranjo.

The trial court's judgment is reversed and the case is remanded for a dismissal of the complaint.

IT IS SO ORDERED.

SOSA, C. J., and FEDERICI, J., concur.